ALB.15270

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CATHERINE WADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:22-cv-1446** |
| **v.** | § | |
| | § | **JURY** |
| **ALBERTSONS COMPANIES, INC. d/b/a** | § | |
| **ALBERTSONS,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**, Defendant in the above matter, and files this Notice of Removal under 28 U.S.C. §§ 1441 and 1332(a).

### I.
### BACKGROUND

1.      Plaintiff sued **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS** in the County Court at Law No. 3 of Dallas County, Texas, Cause No. CC-22-02931-C, alleging the negligence of Defendant **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**.

2.      Defendant **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS** was served on or about June 8, 2022.  Defendant has filed this Notice of Removal within the time period required.  28 U.S.C. §1446(b).

3.      Plaintiff Catherine Wade is a resident of Texas and domiciled in Dallas County, Texas.

4. Defendant **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS** is incorporated in the State of Delaware with its principal place of business in Idaho.

5. Plaintiff's Original Petition, filed contemporaneously herewith, seeks "monetary relief in excess of $250,000."

## II.
## BASIS FOR REMOVAL

6. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Texas, and Defendant Albertsons Companies, Inc. d/b/a Albertsons is a Delaware corporation with its principal place of business in Idaho.

7. As noted above, Plaintiff is, and was at the time this lawsuit was filed, a resident of the State of Texas. *See* Plaintiff's Original Petition, Paragraph 2. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

8. For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Additionally, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). For Defendant, this test implicates the State of Delaware and the State of Idaho.

9.     Because the Plaintiff and the Defendant to this suit do not share citizenship in any state, removal is proper on diversity grounds.

10.    Accordingly, because this notice of removal has been filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief, this removal is proper and timely under 28 U.S.C. §1446(b).

11.    Further, as set forth in Plaintiff's Original Petition, filed with these pleadings here today, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $250,000.  Thus, the amount in controversy meets the threshold for removal.

12.    The United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, the place where the state court action was filed and is pending.  This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

13.    All pleadings, process, orders, served upon Defendant or issued by the state court are attached to this Notice as Exhibit "A" as required by 28 U.S.C. § 1446(a).  No other motions are pending before the state court.

14.    Defendant will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

### III.
### REQUEST FOR JURY TRIAL

22.    Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**, as parties in diversity with the Plaintiff, respectfully request that this

action be immediately and entirely removed upon filing of this Notice of Removal to the United

States District Court for the Northern District of Texas, Dallas Division, and for such other and

further relief to which it may show itself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH & SHARP, LLP**

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**ROBYN M. WISE**
State Bar No. 24044002
rwise@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile

**ATTORNEYS FOR DEFENDANT**
**ALBERTSONS COMPANIES, INC.**
**d/b/a ALBERTSONS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas – Dallas Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

*Via E-File: julie@wolflawpllc.com*
Julie Wolf
Wolf Law, PLLC
12222 Merit Drive, Ste. 1200
Dallas, TX  75251

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**

ALB.15270

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CATHERINE WADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:22-cv-1446** |
| **v.** | § | |
| | § | **JURY** |
| **ALBERTSONS COMPANIES, INC. d/b/a** | § | |
| **ALBERTSONS,** | § | |
| | § | |
| **Defendant.** | § | |

### INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and

correct copies of all documents filed in the state court action:

1.  State Court's Docket Sheet
2.  Plaintiff's Original Petition (06.06.22)
3.  Issuance of Citation to Defendant (06.07.22)
4.  Return of Service of Citation to Defendant (served 06.08.22)
5.  Defendant's Original Answer and Jury Demand (06.15.22)

Respectfully submitted,


*/s/ Michael P. Sharp*

_____
**MICHAEL P. SHARP**
State Bar No. 00788857
Email:  msharp@feesmith.com
**ROBYN M. WISE**
State Bar No. 24044002
Email:  rwise@feesmith.com
**FEE, SMITH, & SHARP, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel:  972-934-9100
Fax:  972-934-9200
**ATTORNEYS FOR DEFENDANT**
**ALBERTSONS COMPANIES, INC.**
**d/b/a ALBERTSONS**


## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on  July 6, 2022 a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

*Via E-Service:*
Julie Wolf
Wolf Law, PLLC
12222 Merit Drive, Ste. 1200
Dallas, TX  75251
julie@wolflawpllc.com
*Attorneys for Plaintiff*


*/s/ Michael P. Sharp*

_____
**MICHAEL P. SHARP**

## Case Information

CC-22-02931-C | CATHERINE WADE vs.ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS

Case Number
CC-22-02931-C
File Date
06/06/2022

Court
County Court at Law No. 3
Case Type
DAMAGES (NON COLLISION)

Judicial Officer
MONTGOMERY, SALLY
Case Status
OPEN

## Party

PLAINTIFF
WADE, CATHERINE

Address
12222 MERIT DRIVE, Suite 1200
DALLAS TX 75251

Active Attorneys ▼
Lead Attorney
WOLF, JULIE F
Retained

DEFENDANT
ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS

Address
SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Lead Attorney
SHARP, MICHAEL PAUL
Retained

## Events and Hearings

06/06/2022 NEW CASE FILED (OCA)

06/06/2022 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

06/06/2022 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 65194219

06/07/2022 CITATION (SERVICE)▾

Served
06/08/2022

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
ATTORNEY

Returned
06/09/2022

06/09/2022 RETURN OF SERVICE ▾

RETURN OF SERVICE - ALBERTSONS COMPANIES INC D/B/A ALBERTSONS

Comment
ALBERTSONS COMPANIES INC D/B/A ALBERTSONS

06/15/2022 ORIGINAL ANSWER ▾

ORIGINAL ANSWER

Comment
AND JURY DEMAND

## Financial

WADE. CATHERINE
    Total Financial Assessment                                       $358.00
    Total Payments and Credits                                $358.00

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 6/6/2022 | Transaction Assessment | | | $358.00 |
| 6/6/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-05237 | WADE, CATHERINE | ($221.00) |
| 6/6/2022 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

RETURN OF SERVICE - ALBERTSONS COMPANIES INC D/B/A ALBERTSONS

ORIGINAL ANSWER

FILED
6/6/2022 11:08 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-02931-C

CAUSE NO. _____

| | | |
|---|---|---|
| **CATHERINE WADE,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW** _____ |
| | § | |
| **ALBERTSONS COMPANIES, INC. d/b/a** | § | |
| **ALBERTSONS** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Catherine Wade, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against Albertson's Companies, Inc. d/b/a Albertsons (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.   TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is between $250,000 and $1,000,000.00.

### II.   PARTIES AND SERVICE

Plaintiff is a resident of Dallas County, Texas.

Defendant is a grocery store doing business in the State of Texas. Defendant may be served by serving its registered agent CT Corporation System, at the address listed with the Secretary of State for service of process, located at 1999 Bryan Street, Suite 900, Dallas, Texas

75201.  **Issuance of citation is requested at this time.**

### III.   JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.   The Court has personal jurisdiction over the Defendant as Defendant premises are in Dallas County, and it hired employees to perform work in the State of Texas.

### IV.   VENUE

Venue is proper in Dallas County, Texas, pursuant to 15.002(1) and (3) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Dallas County, Texas.

### V.   FACTS

At all times relevant, Defendant was the possessor in control of the Albertsons store located at 4525 Frankford Rd., Dallas, Texas 75287 (hereinafter referred to as the "premises"). On or about December 6, 2020, Plaintiff was shopping at Defendant's store, when she went to use the restroom. As Plaintiff was in the restroom, she slipped and fell on water that was all over the floor from what appeared to be an overflow of water from the toilet and drain.

### VI.   NEGLIGENCE

Defendant was the owner or operator of the premises. Plaintiff was an invitee at the time of the injury because she was a customer at Defendant's store. Since Defendant's business was open to the general public, Defendant extended an invitation to Plaintiff to shop at Defendant's store.

Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. Defendant also owed Plaintiff a duty not to create dangerous conditions. The condition of the premises posed an unreasonable risk of harm in that the backed-

up water and broken floor drain caused it to be slippery and that was extremely dangerous. It was also dangerous for Defendant not to warn or make it safe for patrons knowing there was an unreasonably dangerous condition on the premises.

Defendant knew or reasonably should have known of the condition of the premises because there was a consistent problem of flooding in the bathroom due to backed up floor drains. A reasonable inspection would have revealed the wet floor.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

      a.  Failing to keep the premises in a reasonably safe condition for Plaintiff;

      b.  Failing to inspect the premises to discover the dangerous condition;

      c.  Failure to remove the dangerous condition and/or maintain and repair the premises to prevent repeat flooding;

      d.  Failure to provide warning of the dangerous condition by posting signage, a barrier, or other marker indicating the presence of danger; and

      e.  Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the dangerous condition.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and disabling injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills.   Plaintiff also suffered severe physical and mental pain, suffering, physical and mental impairment, depression, physical

and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life.  Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses.  There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.  Plaintiff's compensatory damages specifically include, but are not limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other damages which Plaintiff has incurred due to Defendant's conduct.

## VIII.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

    a.  All reasonable and necessary past medical expenses;

    b.  A sum for future medical expenses and treatment in an amount to be determined at trial;

    c.  Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

    d.   Monetary damages for future physical pain and suffering and mental anguish;

    e.   Past and future physical impairment as determined by a jury;

    f.   Past and future disfigurement;

    g.   Costs of Court;

    h.   Pre-judgment interest on all damages awarded at the highest legal rate;

    i.   Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

    j.   Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: _____

**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

---

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Julie Wolf on behalf of Julie Wolf
Bar No. 24051542
julie@wolflawpllc.com
Envelope ID: 65147991
Status as of 6/6/2022 11:19 AM CST

Associated Case Party: CATHERINE WADE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 6/6/2022 11:08:26 AM | SENT |

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-22-02931-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

### CATHERINE WADE
*Plaintiff(s)*

VS.

### ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS
*Defendant(s)*

filed in said Court on the 6th day of June, 2022, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of June, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
Guisla Hernandez



| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |

**CC-22-02931-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

CATHERINE WADE, *Plaintiff(s)*

VS.

ALBERTSONS COMPANIES, INC.
d/b/a ALBERTSONS, *Defendant(s)*

**SERVE:**
**ALBERTSONS COMPANIES, INC. d/b/a**
**ALBERTSONS**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**7TH DAY OF JUNE, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

JULIE F WOLF
WOLF LAW PLLC
12222 MERIT DR
SUITE 1200
DALLAS TX  75251
972-338-4477

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-02931-C   County Court at Law No. 3

CATHERINE WADE vs. ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**

Came to hand on the ____ day of _____ , 20 ____ , at ____ o'clock ____ .m., and executed in _____ County, Texas by delivering to ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy     $ _____     _____ , Officer

Total     $ _____                          _____ , County, Texas

By: _____ , Deputy

_____ , Affiant

FILED
7/6/2022 4:07 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Electronically Served
6/7/2022 11:16 AM

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-22-02931-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**CATHERINE WADE**
*Plaintiff(s)*

VS.

**ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**
*Defendant(s)*

filed in said Court on the 6th day of June, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of June, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez



---

## ATTORNEY
## CITATION
**PLAINTIFF'S ORIGINAL PETITION**
### CC-22-02931-C

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

CATHERINE WADE. *Plaintiff(s)*

VS.

ALBERTSONS COMPANIES, INC.
d/b/a ALBERTSONS. *Defendant(s)*

**SERVE:**
**ALBERTSONS COMPANIES, INC. d/b/a**
**ALBERTSONS**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**7TH DAY OF JUNE, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff
JULIE F WOLF
WOLF LAW PLLC
12222 MERIT DR
SUITE 1200
DALLAS TX 75251
972-338-4477

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-02931-C   County Court at Law No. 3

CATHERINE WADE vs. ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

Fees:
Came to hand on the _7th_ day of ___June___. 20 _22_ . at _4 40_ o'clock _P_ .m. and executed in _Dallas_ County, Texas by delivering to ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Albertsons companies, Inc d10lA | 6/8/22  9'54 Am | 1999  Bryan St  Ste 600  Dallas , 75201 |

Albertsons  Serve its registered agent CT corporation system through Term  Thurysavant

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $ _____ , Officer

Total   $ _____     _____ , County, Texas

By: _____ , Deputy

_16084  N.$1.dd_ , Affiant

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS ___ DAY OF _____ 20__

x _Carrie M. Dean_

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65304119
Status as of 6/10/2022 8:31 AM CST

Associated Case Party: CATHERINE WADE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 6/9/2022 4:07:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JULIE WOLF | | JULIE@WOLFLAWPLLC.COM | 6/9/2022 4:07:08 PM | ERROR |

FILED
6/15/2022 2:59 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

ALB.15270

## CAUSE NO. CC-22-02931-C

| | | |
|---|---|---|
| **CATHERINE WADE,** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3** |
| | § | |
| **ALBERTSONS COMPANIES, INC.** | § | |
| **d/b/a ALBERTSONS.** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS**, Defendant named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### II.

### NOTICE OF SELF-AUTHENTICATION

2.     In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides written notice that it intends to use self-authenticated documents against Plaintiff at any future pretrial proceeding, trial, or appeal in this matter.

**DEFENDANT'S ORIGINAL ANSWER**                                          **Page 1**

### III.

### AFFIRMATIVE DEFENSES

3.      Defendant hereby asserts the following affirmative defenses and would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the following:

a.      **Paid or Incurred Medical Expenses:** Defendant would further show that the medical expenses Plaintiff seeks to recover should be limited to those actually paid or incurred by or on behalf of the Plaintiff pursuant to Texas Civil Practice & Remedies Code §41.0105.

b.      **Pre-judgment Interest:** Defendant further alleges that Plaintiff's claims for pre- judgment interest are limited by the damages and amounts set forth in Chapter 304 of the Texas Finance Code and Chapter 41 of the Texas Civil Practice and Remedies Code, as applicable to this.

c.      **Comparative Responsibility:** Defendant would show that the damages, or liabilities of which Plaintiff complains are the result, in whole or in part, of the negligence and/or negligence per se of Plaintiff. Defendant further asserts that Plaintiff was negligent in failing to maintain a proper lookout for her own safety. Furthermore, Defendant would show that the condition in question, if any existed, was an open and obvious condition which was not concealed or hidden in any manner.

d.      **Pre-existing Conditions:** Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of any defendants.

e.      **Subsequent Conditions:** Defendant would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of any Defendant.

## IV.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. A jury fee has been paid on behalf of Defendant.

## V.

### DESIGNATED  EMAIL ADDRESS FOR SERVICE

For this matter, the following is the undersigned attorneys' designation of electronic service email addresses, for all electronically served documents and notices, filed or service only, pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a):

> Michael P. Sharp – msharp@feesmith.com
> Robyn M. Wise – rwise@feesmith.com
> Mona Brunson – mbrunson@feesmith.com

Service through any other email address will be considered invalid, unless notified by the aforementioned individuals.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ALBERTSONS COMPANIES, INC. d/b/a ALBERTSONS** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, & SHARP LLP**

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
**State Bar No. 00788857**
**ROBYN M. WISE**
**State Bar No. 24044002**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
msharp@feesmith.com
rwise@feesmith.com
**972-980-3288**
**972-934-9200 [Fax]**

**ATTORNEYS FOR DEFENDANT**
**ALBERTSONS COMPANIES, INC.**
**d/b/a ALBERTSONS**

### CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, e-served, telecopied or hand delivered to all attorneys of record in this cause of action on June 15, 2022.

***Via E-File***
Julie Wolf
Wolf Law, PLLC
12222 Merit Drive, Ste. 1200
Dallas, TX 75251

*/s/ Michael P. Sharp*
**MICHAEL P. SHARP**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Linda Hammon on behalf of Michael Sharp
Bar No. 788857
lhammon@feesmith.com
Envelope ID: 65475902
Status as of 6/16/2022 10:26 AM CST

Associated Case Party: CATHERINE WADE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolf Law PLLC | | service@wolflawpllc.com | 6/15/2022 2:59:16 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JULIE WOLF | | JULIE@WOLFLAWPLLC.COM | 6/15/2022 2:59:16 PM | ERROR |